## WILSON v. TRAVELER'S INDEMNITY CO. OF HARTFORD, CONNECTICUT.

### Civ. No. 2359.

United States District Court
W. D. Louisiana, Monroe Division.
April 25, 1949.

C. E. Thompson, of Monroe, La., for plaintiff.

Theus, Grisham, Davis & Leigh, of Monroe, La., for defendant.

DAWKINS, Chief Judge.

Plaintiff, claiming damages to a water well alleged to have been caused by geophysical explorations of one Glenn McGuckin "doing business as Reliable Geophysical Company", sued upon a bond charged to have been given by said McGuckin as principal and the defendant as surety to the State of Louisiana, which bond was to indemnify the State "or any citizen for any damage or loss that may be suffered to the extent of Five Thousand Dollars ($5000.00), as the result of the exploration or doing of geophysical work."

Traveler's Indemnity Company alone was made defendant and it has moved to dismiss for the reason, it is contended, the complaint discloses no grounds upon which relief can be granted. Alleging that copy of the said bond, made part of the petition, had not been filed therewith, defendant annexed certified copy furnished by the State's custodian. The matter was submitted upon the pleadings, including the copy of the bond, and neither side has filed briefs.

The obligations of the surety, expressed in the bond, are as follows:

"Whereas, the Glenn M. McGuckin d/b/a Reliable Geophysical Co. is from time to time making application to the Department of Wild Life and Fisheries (successor to the Department Conservation) of the State of Louisiana for permission to do geophysical work in and over the beds of rivers, streams, bayous, bays, sounds and other water bottoms within the State of Louisiana; and

"Whereas, in support of said applications for permission to do said geophysical work, it is required by the Department of Wild Life and Fisheries of the State of Louisiana that the said Reliable Geophysical Company at the time of making said application shall furnish bond payable to the Department of Wild Life and Fisheries, conditioned upon the payment by the Reliable Geophysical Company of all damage to oysters, fish and other aquatic life, or other natural resources for which it, said Reliable Geophysical Company may be legally liable, and which may be suffered by oyster lessees of the State of Louisiana and/or the State of Louisiana, or any one of them, as a result of injury to their said oyster beds or the oyster thereon, or other natural resources, occasioned by said geophysical work; and

"Whereas, the Reliable Geophysical Company desires to furnish this bond to protect against all damages to oysters,

fish and other aquatic life and to oyster bed lessees of the State of Louisiana, and oyster beds of the State of Louisiana, and to other natural resources, resulting from said geophysical work for which it, said Reliable Geophysical Company may be legally liable:

"Now, Therefore, said Reliable Geophysical Company authorized to do business in the State of Louisiana, as Principal, and Travelers Indemnity Co. of Hartford, Connecticut, as Surety, are held and firmly bound jointly, severally and in solido unto and in favor of the Department of Wild Life and Fisheries of the State of Louisiana, or its successor in office, in the full sum of Five Thousand and 00/100 ($5,-000.00), for the use and benefit of the people of Louisiana for damage done to oysters, fish and aquatic life, or to other natural resources, which may be injured by said geophysical work; and for the use and benefit of lessees of oyster beds located within the water bottoms of the State of Louisiana for damage done to said beds.

"The condition of the foregoing obligation is such that if said Reliable Geophysical Company shall pay to the said appropriate beneficiaries, as named, all such damages for which said Reliable Geophysical Company may be legally liable, which may be suffered as a result of said geophysical work, then this obligation shall be null and void, otherwise to remain in full force and effect for a period of three (3) years from this date."

While, apparently, the main purpose of this bond was to cover damages to "aquatic life" such as oysters, etc., an underground reservoir or stream is a natural resource, and would seem as much so as pools or sands of oil and gas. See Bouvier's Law Dictionary, Rawle's Third Rev., verbo "Natural Resources" and "Lands". In any event, neither counsel has seen fit to assist this court by making research and furnishing authorities.

The motion to dismiss will be overruled.

Proper decree should be presented.